[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR CLARIFICATION AND REARGUMENTAND COUNSEL FEES (DOCKET ENTRIES NOS. 119 AND 120
The court incorrectly included $17,631 as income of the defendant's spouse for 1995. The proper figure for 10 percent of the defendant's income for 1995 is $20,610. The total, therefore, for the years 1990-1995 is $94,153. To this amount, as found, should be added $3600 and $3300 for a total of $101,053. Exhibits I and J reflect total amounts set aside in an amount of $97,019. There is an underfunding of $4,034.
Paragraph 3 of the court's Memorandum of Decision is corrected to read that the court finds an arrearage of $4,034. The arrearage as determined shall be increased by ten (10%) percent of the depreciation deduction taken for the years 1990 through and including 1994.
The court's Memorandum of Decision recites: "Massachusetts Mutual has also contributed $33,000 to the pension plan each year since 1992." This may be easily misconstrued. It should read as follows: "Massachusetts Mutual has also contributed a total of $33,000 to the defendant's pension plan since 1992. CT Page 8331
By way of clarification, the court states: the original orders of February 8, 1989 remain unchanged. The court has found that the plaintiff is barred by laches and is equitably estopped from seeking an arrearage between $2,000 per month by way of support as agreed between the parties and the original orders of $4500 per month as unallocated alimony and support.
Pursuant to § 46b-62 of the General Statutes and having considered the factors of § 46b-82 of the General Statutes, the court allows counsel fees to the plaintiff of Five Thousand ($5,000) Dollars and orders that the defendant pay to the plaintiff said sum on or before January 1, 1997.
Defendant's request for counsel fees pursuant to § 46b-87
of the General Statutes is denied.
EDGAR W. BASSICK, III, JUDGE